FILED
United States Court of Appeals
Tenth Circuit

September 10, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VANCE WADE MOORE,

Defendant - Appellant.

Nos. 09-7011 & 09-7012

(E.D. Oklahoma)

(D.C. Nos. 6:08-CR-00010-RAW-1
and 6:08-CR-00023-RAW-1)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate records, this court has determined
unanimously that oral argument would not materially assist the determination of
these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The matters
are therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

## I. Background

On January 17, 2008, a federal grand jury charged appellant Vance Wade Moore with two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On March 12, 2008, Moore was charged in a separate indictment with assaulting, resisting or impeding an officer, in violation of 18 U.S.C. § 111; possessing, carrying and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Moore pleaded not guilty to all five charges and the matters were consolidated for trial.

At Moore's trial, the government introduced testimony from Jason Chennault, the undersheriff of Cherokee County, Oklahoma. Chennault testified that during an April 2007 visit to the residence Moore shared with his mother, he observed a rifle on the living room sofa. When asked about the rifle, Moore told Chennault it was for "protection." Moore later testified the rifle belonged to his mother. The jury acquitted Moore of the felon-in-possession charge arising from this incident.

The government also presented evidence that Moore possessed a firearm on June 17, 2007. Casey Baker, a deputy with the Cherokee County Sheriff's Department, testified that he observed Moore walking down a county road with a beer in his hand. Baker approached Moore and asked for his identification. Baker testified Moore reached behind his back as though to grab or hide

-2-

something, prompting Baker to grab him and place his hands on the hood of the patrol car. Moore had a pistol tucked into the waistband of his pants. During cross-examination, Moore admitted possessing the pistol. The jury convicted Moore of the felon-in-possession charge related to this incident.

The three charges in the March 12, 2008, indictment stemmed from an incident that occurred at Moore's residence on February 27, 2008. On that date, three deputy United States Marshals and two officers from the Cherokee County Sheriff's Office went to Moore's home to serve an arrest warrant. Jeremy Hitchcock, a Cherokee County deputy sheriff, testified that he encountered Moore as Moore exited the residence through a screen door. Hitchcock further testified that Moore was carrying a firearm and pointed it directly at him. Moore then ran from the residence and was not apprehended until the next day. Hitchcock testified that a pistol was taken from Moore at the time of his arrest. During his testimony, Moore admitted carrying the gun but denied pointing it at Deputy Hitchcock. Moore also admitted running from the officers because he "didn't want to be arrested." Moore was convicted of all three charges brought as a result of the February 2008 incident.

## II.    Discussion

Moore's counsel has invoked *Anders v. California*, 386 U.S. 738 (1967), in the appellate briefs he filed in these two appeals, advising this court that any appeal of Moore's convictions is wholly frivolous. Pursuant to *Anders*, counsel is

required to submit an "appellate brief indicating any potential appealable issues." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). The defendant is notified of counsel's brief and may submit additional arguments to this court. *Id.* We "then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *Id.* Moore has filed a response to the *Anders* briefs. Our conclusions, therefore, are based on counsel's *Anders* briefs, Moore's response, and our own review of the record.

In his *Anders* briefs, Moore's counsel states there is no basis for reversing any of Moore's convictions because of insufficient evidence. Having carefully reviewed the record, we agree. As to the two felon-in-possession convictions, the government was required to prove Moore (1) was previously convicted of a felony, (2) knowingly possessed a firearm or ammunition, and (3) the possession was in or affecting interstate commerce. *United States v. Colonna*, 360 F.3d 1169, 1178 (10th Cir. 2004). The government clearly met its burden at trial. The parties stipulated that Moore was a convicted felon. Moore admitted possessing the firearms both during his direct testimony and on cross-examination. The government introduced evidence that the firearms functioned properly and had moved at some time from one state to another.

As to Moore's convictions for the remaining two counts in the March 12, 2008 indictment, the government introduced evidence Deputy Hitchcock went to Moore's residence to assist federal marshals serve a warrant. Moore admitted

purposefully running from Deputy Hitchcock to avoid arrest. He also admitted he had a firearm in his hand. Moore testified at trial that he did not point his weapon at anyone, but Deputy Hitchcock testified Moore pointed the gun directly at him. Although this court reviews *de novo* the sufficiency of the evidence supporting a conviction, we do not question credibility determinations made by the jury. *United States v. Allen*, 235 F.3d 482, 492 (10th Cir. 2000).

In his response, Moore alleges the law enforcement officers were not wearing uniforms when they arrived at his house on February 27, 2008, and they fired a Taser gun at him before they identified themselves as law enforcement officers. These allegations, even if true, provide no support for the reversal of Moore's convictions. Further, even if the allegations were relevant, Moore admitted he knew Deputy Hitchcock was a law enforcement officer when he encountered him while fleeing the residence to avoid arrest.

The remaining issues raised by Moore in his response all involve allegations his counsel provided ineffective assistance. Specifically, Moore complains his trial counsel (1) did not properly cross-examine Deputy Hitchcock or Deputy Baker, (2) did not use Deputy Baker's prior testimony to impeach him, (3) failed to pursue an insanity defense, and (4) refused to interview unnamed defense witnesses. In the absence of "rare" circumstances, ineffective assistance of counsel claims "should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en

-5-

banc) (holding ineffective assistance of counsel claims "brought on direct appeal are presumptively dismissible, and virtually all will be dismissed"). No special circumstances exist in this case because Moore's claims were not "adequately developed by the district court prior to appeal."[1] *United States v. Gallegos*, 108 F.3d 1272, 1280 (10th Cir. 1997).

The only other possible basis for an appeal must relate to Moore's sentence. The presentence investigation report ("PSR") calculated Moore's advisory guidelines range as seventy-seven to ninety-six months, based on a total offense level of twenty-two and a category V criminal history. Moore filed one objection to the PSR which he subsequently withdrew. The district court sentenced Moore to three, concurrent terms of eighty months' imprisonment on the two § 922(g)(1) convictions and the 18 U.S.C. § 111 conviction. An additional consecutive term of eighty-four-months' incarceration was imposed for the brandishing conviction. *See* 18 U.S.C. § 924(c)(1)(A)(ii). Based on our review of the appellate record, we discern no nonfrivolous basis upon which Moore could challenge his sentence.

## III. Conclusion

A review of the record, the *Anders* briefs, and Moore's response does not reveal any claims arguable on their merits. Accordingly, we conclude Moore's

---

[1]Moore's appellate counsel also represented him during the trial proceedings and, thus, Moore's allegations of ineffective assistance are leveled against the attorney representing him in this appeal.

appeals are wholly frivolous.  We **grant** counsel's implied request to withdraw[2]

and **dismiss** the appeals.  Moore's motion for appointment of substitute counsel is

**denied**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[2]Under *Anders*, if a defendant's counsel "finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders v. California*, 386 U.S. 738, 744 (1967).  Although Moore's counsel did not explicitly move to withdraw, we interpret his *Anders* briefs to include such a request.